WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Ray Newell,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV12-02038-PHX-DGC<br><br>DEATH PENALTY CASE<br><br>**ORDER DENYING MOTION TO REMAND** |

       Before the Court is Petitioner's Motion to Remand to Maricopa County Superior Court for Reconstruction of the Record and Motion to Stay until Reconstruction of the Record is Complete. Doc. 39. Respondents oppose the motion, which is fully briefed. Docs. 40, 41. For the reasons set forth herein, the motion is denied without prejudice.

       Petitioner requests a remand to state court so that he may seek reconstruction of (1) the excerpts of his recorded statements to police actually played to the jury but not transcribed by the court reporter, and (2) numerous untranscribed bench conferences. He asserts generally that these items are necessary for resolution of his habeas claims, but does not explicitly identify the relevant claims or explain with any specificity why the additional portions of the record are needed to evaluate them.

       The Court has reviewed the petition and observes that Claims 6 and 7 allege ineffective assistance of trial and appellate counsel with regard to record issues. However, because Respondents have yet to file their Answer to the habeas petition, and the Court has yet to receive the state court record, the Court is unable to determine whether the requested items are necessary for meaningful consideration of Petitioner's

claims. Rule 5(c) of the Rules Governing Section 2254 Cases requires Respondents to indicate in their Answer what transcripts are available, when they can be furnished, and whether proceedings have been recorded but not transcribed.[1] In addition, if it appears that omitted parts of the record are necessary for resolution of Petitioner's claims, Rule 5(c) provides that the Court may order Respondents to either furnish the untranscribed recordings or submit a narrative summary of the evidence if no transcript is available. For these reasons, the Court finds the instant motion premature.

**IT IS ORDERED** that Petitioner's Motion to Remand to Maricopa County Superior Court for Reconstruction of the Record and Motion to Stay until Reconstruction of the Record is Complete (Doc. 39) is **DENIED WITHOUT PREJUDICE**.

Dated this 19th day of August, 2013.

_____
David G. Campbell
United States District Judge

---

[1] The Court notes that pursuant to the Order of Appointment and General Procedures entered October 4, 2012, Respondents were relieved of their obligation under Rule 5(c) to furnish trial transcripts because the Arizona Supreme Court routinely provides transcripts in capital cases to this Court. However, it is incumbent upon Respondents to ensure that the transcripts provided by the Arizona Supreme Court include all those that are available and relevant to these federal habeas proceedings.