WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Ray Newell,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-12-2038-PHX-JJT<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

      Before the Court is Newell's motion for supplemental briefing in light of *Hurst v. Florida*, 136 S. Ct. 616 (2016). (Doc. 76.) Respondents filed a response opposing the motion. (Doc. 77.) Newell filed a reply, citing Rule 15(d) of the Federal Rules of Civil Procedure. (Doc. 78.) The motion will be denied because the supplemental briefing is futile. *See Torres v. Ryan*, No. CV 12-0006-PHX-JAT, 2013 WL 4026870, at *6 (D. Ariz. Aug. 7, 2013) ("[F]utility by itself can justify denial of a motion to supplement.").

      In Claim 36 of his habeas petition, Newell alleges that Arizona's capital sentencing scheme violates the Sixth, Eighth and Fourteenth Amendments to the United States Constitution because it does not require the prosecution to prove that aggravating circumstances outweigh mitigating circumstances beyond a reasonable doubt. (Doc. 38 at 210.) Newell wants to supplement this claim with briefing on the opinion in *Hurst*.

      Supplemental briefing is futile because *Hurst* does not affect Arizona law. In *Hurst*, 136 S. Ct. 616, the Supreme Court held that Florida's capital sentencing scheme violated *Ring*. Under the Florida scheme, a jury makes an advisory verdict while the

judge makes the ultimate factual determinations necessary to sentence a defendant to death. *Id.* at 621–22. The Court held that this procedure was invalid because it "does not require the jury to make the critical findings necessary to impose the death penalty." *Id.* at 622. The Supreme Court simply applied *Ring* to Florida's capital sentencing statutes.

*Hurst* does not hold, as Newell suggests, that a jury is required to find beyond a reasonable doubt that the aggravating factors outweigh the mitigating circumstances. (Doc. 76, Ex. 1 at 4–5.) *Hurst* held only that Florida's scheme, in which the jury renders an advisory sentence but the judge made the findings regarding aggravating and mitigating factors, violated the Sixth Amendment. *Hurst*, 136 S. Ct. at 620. *Hurst* did not address the process of weighing the aggravating and mitigating circumstances. Indeed, the Supreme Court has held that the sentencer may be given "unbridled discretion in determining whether the death penalty should be imposed after it has found that the defendant is a member of the class made eligible for that penalty." *Zant v. Stephens*, 462 U.S. 862, 875 (1983); *see Tuilaepa v. California*, 512 U.S. 967, 979–80 (1994). In *Zant*, the Court explained that "specific standards for balancing aggravating against mitigating circumstances are not constitutionally required." *Id.* at 875 n.13; *see Franklin v. Lynaugh*, 487 U.S. 164, 179 (1988) ("[W]e have never held that a specific method for balancing mitigating and aggravating factors in a capital sentencing proceeding is constitutionally required.").

In Arizona, in accordance with *Ring* and *Hurst*, the jury makes factual findings regarding the aggravating and mitigating factors to determine the appropriate sentence.

Moreover, *Hurst* does not apply retroactively. The Supreme Court has held that "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004). *Hurst*, which applies *Ring* in Florida, is also nonretroactive.

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED DENYING** Newell's motion for supplemental briefing. (Doc. 76.)

Dated this 2nd day of February, 2017.

Honorable John J. Tuchi
United States District Judge